UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80948-CIV-DIMITROULEAS

MICHAEL MILLER, individually and on behalf
of all others similarly situated,

                                Magistrate Judge Rosenbaum

Plaintiff,

vs.

DYADIC INTERNATIONAL, INC., MARK A.
EMALFARB, STEPHEN J. WARNER, HARRY Z.
ROSENGART, RICHARD J. BERMAN, ROBERT
B. SHAPIRO, and GLENN E. NEDWIN,

Defendants.
_____/

## ORDER GRANTING, IN PART, CAPITAL MAX'S MOTION FOR SANCTIONS AGAINST SAXENA WHITE P.A.

THIS CAUSE is before the Court upon Capital Max, Inc.'s Motion for Sanctions Against Saxena White P.A. [DE 51]. The Court has carefully considered the Motion and Capital Max, Inc.'s Memorandum in Support [DE 52], Proposed Lead Plaintiff Olav C. Holst's Response [DE 62], Capital Max's Reply [DE 64], and is otherwise fully advised in the premises.

### I. BACKGROUND

On December 14, 2007 the Court appointed the Arab Banking Corporation. ("ABC") as Lead Plaintiff in this action. Subsequent to this appointment, however, two other potential lead plaintiffs requested, and were granted, discovery into the adequacy of the court appointed Lead Plaintiff. In the mean time, Capital Max and ABC filed a Motion to be Appointed Co-Lead Plaintiffs. Accordingly, the Court had three individual applicants and one group application to choose from.

The Parties then attempted to engage in discovery.  In addition to paper discovery the parties noticed depositions, although none were ultimately taken.  On February 1, 2008, Capital Max noticed the deposition of Olav C. Holst for February 13, 2008 at 9:00 a.m. in the offices of Kozyak Tropin & Throckmorton.  On February 8, 2008, Counsel for Mr. Holst noticed the depositions of Frank Prissert and "Banque Palatine" for February 15, 2008 at 2:47 p.m.  During this period, ABC refused to produce witnesses for depositions.  ABC later withdrew as Lead Plaintiff, leaving only Mr. Holst and Capital Max as potential Lead Plaintiffs.

On February 12, 2008, the day before his scheduled deposition, Mr. Holst's counsel stated that Mr. Holst would not appear for his deposition.  Mr. Holst's counsel, however, did not seek a protective order.  On February 13, 2008, Mr. Holst and his counsel failed to appear for Mr. Holst's deposition.  Also on February 13, 2008, counsel for Mr. Holst sent an email to Mr. Heffner, counsel for Capital Max at 9:48 p.m. purporting to cancel the deposition of Mr. Prissert scheduled for early morning on February 15, 2008.  Mr. Heffner did not receive the email message.  On February 15, 2008, Mr. Prissert and his counsel attended the noticed deposition of Mr. Prissert, but no one from Saxena White appeared.  The instant Motion for Sanctions followed.

II. DISCUSSION

Capital Max argues that Saxena White should be sanctioned for (1) violating Fed. R. Civ. P. 30 and 37(d) by failing to produce Olav C. Holst for his properly noticed deposition; (2) violating Fed. R. Civ. P. 30(g)(1) and 37(d) by noticing the deposition of Frank Prissert and then failing to attend; (3) noticing depositions solely with the intent to harass and retaliate against other lead plaintiff movants; and (4) violating Local Rule 7.1.A.3 by filing a Motion to Compel Discovery [DE 45] without first conferring or attempting to confer with Capital Max's attorneys.

Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure states:

> The Court . . . may, on motion, order sanctions if: (a) a party or a party's officer, director, or managing agent-or a person designated under Rule 30(b)(6) or 31(a)(4)- fails, after being served with proper notice, to appear for that person's deposition. . .

The Rule further provides that:

> (2) A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Rule 30(g)(1) of the Federal Rules of Civil Procedure further provides:

A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to: (1) attend and proceed with the deposition.

Mr. Holst does not deny any of Capital Max's underlying allegations, but rather simply argues that it was justified in doing so because ABC was also being uncooperative during discovery. However, the Court agrees with Capital Max that at that point in the proceedings, Capital Max and ABC were individual Lead Plaintiff applicants as well as group applicants, as each had their own Motion for Appointment as Lead Plaintiff pending. Further, "[i]t is not up to an individual party to decide which discovery is appropriate and when." Kilby v. Ilgen (In re Kilby), 196 B.R. 627, 631 (Bankr. M.D. Fla. 1996). If counsel for Mr. Holst did not want to produce him for his deposition the proper course of action would be to file a motion for protective order with the Court, as provided in Rule 37(d)(2).

She further argues that it was reasonable notice to cancel a deposition *by email* less than 36 hours before the deposition where opposing counsel needed to fly in from out of state. However, the Court cannot find this is reasonable notice where it would be reasonable to assume that Mr. Heffner would be preparing to travel to Florida for the deposition at the time she sent the

email. Other Courts have also held this kind of last minute notification to be unreasonable. See Root Bros. Farms v. Mak, 2007 WL 2789481, *8 (S.D.N.Y. Sept. 25, 2007) (holding that a voicemail to plaintiff's counsel over the weekend to cancel a deposition scheduled for the following Monday was insufficient notice); Barrett v. Brian Bemis Auto World, 230 F.R.D. 535, 536 (N.D. Ill. 2005) (holding that canceling the deposition of plaintiff's expert witness warranted sanctions because defense counsel should have alerted plaintiff, in the two-week period prior to the deposition, that defense counsel intended to cancel). Accordingly, the Court finds that sanctions are warranted and that counsel for Mr. Holst shall pay for Capital Max's attorney's fees and costs in preparing for, traveling to, and attending Mr. Prissert and Mr. Holst's depositions. The Court also finds that Capital Max should recover attorneys fees for the time spent preparing and filing the instant Motion.

Capital Max seeks to recover for two (2) hours of work by Associate Kurt Zaner at $225.00 an hour and for one hour of work by Partner Adam Moskowitz at $325.00 an hour.[1] The Court finds this to be reasonable and fully recoverable. Capital Max further seeks to recover for 6.75 hours of work for attorney Glenn L. Hara at $300.00 an hour and for 26.50 hours of time preparing for the depositions, traveling to and attending the Prissert deposition, and also preparing and the instant Motion for Sanctions at the hourly rate of $375.00.[2] Once again the Court finds the rates and hours to be reasonable and fully recoverable.[3]

Capital Max also seeks to recover the costs incurred by Mr. Heffner while traveling to

---

[1] These hours were billed by Liaison Counsel.

[2] These hours were billed by Lead Counsel.

[3] The Court notes that counsel for Mr. Holst has not objected to the rates or hours as claimed by Capital Max and its counsel, she only argues that sanctions are not warranted in any respect.

Florida for Mr. Prissert's deposition. He seek to recover $321.89 in hotel costs, $943.59 in transportation (including plane fare), $28.07 for Meals and $15.78 for phone charges. The Court finds that all of these charges should be recoverable with the exception of the $15.78 for phone charges. Capital Max has included no description of how this charge relates to the lawsuit, Mr. Prissert's deposition, or the filing of this Motion for Sanctions.

Capital Max further argues that Mr. Holst noticed the depositions solely with the intent to harass and retaliate against the other Lead Plaintiff movants. The Court finds insufficient support for these allegations. The Court further disagrees with Capital Max that Mr. Holst's discovery violations are of such a serious nature as would remove him from consideration for appointment as Lead Plaintiff. Finally, the court declines to impose sanctions for Mr. Holst's counsel's failure to confer prior to filing its discovery motion.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Capital Max, Inc.'s Motion for Sanctions Against Saxena White P.A. [DE 51] is hereby **GRANTED, in part**;

2. Capital Max shall recover $12,737.50 in attorneys fees, and $1293.55 in costs from counsel for Mr. Holst, Saxena White P.A.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of May, 2008.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record