UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. 07-80948-CIV-DIMITROULEAS

MICHAEL MILLER, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

DYADIC INTERNATIONAL, INC., RICHARD
J. BERMAN, MARK A. EMALFARB, RUFUS
GARDNER, WAYNE MOOR, HARRY Z.
ROSENGART, and STEPHEN J. WARNER,

    Defendants.
_____/

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
WAYNE MOOR, HARRY ROSENGART, AND RICHARD BERMAN TO
THE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendants Wayne Moor, Harry Rosengart, and Richard Berman ("Defendants") submit their Amended Answer and Affirmative Defenses to the Second Amended Consolidated Class Action Complaint ("SAC").

**ANSWER**

1.    Defendants admit this is a purported claim for violations of federal securities laws, but deny that Lead Plaintiff has stated a cognizable claim or may bring this action as a class action.

2.    Defendants are without sufficient information to admit or deny the allegations in paragraph 2.

3.    Admitted.

4. Defendants admit that Dyadic stated that it had abandoned its Asian operations. Defendants deny the remaining allegations in paragraph 4.

5. Admitted.

6. Defendants admit that Dyadic shares closed at $5.30 on the day before trading was halted and closed at $0.50 on January 17, 2008, the first day trading of Dyadic shares was reopened on the "Pink Sheets." Defendants deny the remaining allegations in paragraph 6.

7. Defendants admit that Lead Plaintiff purports to bring its claims pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5.

8. Admitted.

9. Defendants admit that venue is proper in this District and that Dyadic maintains its principal executive offices at 140 Intracoastal Pointe Drive, Suite 404, Jupiter, Florida, 33477. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit that they directly or indirectly used the United States mails, interstate telephone communications, and facilities of a national securities exchange, but deny that they knowingly disseminated false or misleading statements.

11. Defendants admit that the Court appointed Capital Max as Lead Plaintiff in this action, but are without sufficient information to admit or deny the remaining allegations in paragraph 11.

12. Defendants admit that Dyadic is a public biotech company and that its shares were traded publicly on AMEX from May 2005 until April 23, 2007, but are without sufficient information to admit or deny the remaining allegations in paragraph 12.

13. Defendants admit that Puridet was based in Hong Kong, that it manufactured textile enzymes, and that Puridet's financial results were incorporated into Dyadic's publicly-filed

financial results during the purported Class Period, but are without sufficient information to admit or deny the remaining allegations in paragraph 13.

14. Admitted.

15. Admitted.

16. Admitted.

17. Defendants admit that Wayne Moor was CFO and Vice President of Dyadic from January 31, 2005 through the end of the Class Period, but deny the remaining allegations of paragraph 17.

18. Admitted.

19. Admitted.

20. No response required.

21. No response required.

22. Denied.

23. Defendants admit the quote in paragraph 23 is substantially accurate, but deny any characterization of the quote, which speaks for itself.

24. Defendants admit the quote in paragraph 24 is substantially accurate, but deny any characterization of the quote, which speaks for itself.

25. Defendants admit the quote in paragraph 25 is substantially accurate, but deny any characterization of the quote, which speaks for itself.

26. Defendants admit the quote in paragraph 26 is substantially accurate, but deny any characterization of the quote, which speaks for itself.

27. Admitted.

28. Admitted.

29. Defendants are without sufficient information to admit or deny the allegations in paragraph 29.

30. Defendants are without sufficient information to admit or deny the allegations in paragraph 30.

31. Defendants are without sufficient information to admit or deny the allegations in paragraph 31.

32. Defendants admit the quote in paragraph 32 is substantially accurate, but deny any characterization of the quote, which speaks for itself. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 32.

33. Defendants admit the quote in paragraph 33 is substantially accurate, but are without sufficient information to admit or deny the remaining allegations in paragraph 33.

34. Defendants are without sufficient information to admit or deny the allegations in paragraph 34.

35. Defendants admit the quote in paragraph 35 is substantially accurate, but are without sufficient information to admit or deny the remaining allegations in paragraph 35.

36. Defendants admit the quote in paragraph 36 is substantially accurate, although it has different syntax and emphasis than the original. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 36.

37. Defendants are without sufficient information to admit or deny the allegations in paragraph 37.

38. Defendants are without sufficient information to admit or deny the allegations in paragraph 38.

39. Defendants admit the quote in paragraph 39 is substantially accurate, but are

without sufficient information to admit or deny the remaining allegations in paragraph 39.

40. Defendants admit that the quote in paragraph 40 is substantially accurate, but are without sufficient information to admit or deny the remaining allegations in paragraph 40.

41. Defendants are without sufficient information to admit or deny the allegations in paragraph 41.

42. Defendants are without sufficient information to admit or deny the allegations in paragraph 42.

43. Defendants admit the quote in paragraph 43 is substantially accurate except for added emphasis, but are without sufficient information to admit or deny the remaining allegations in paragraph 43.

44. Defendants admit the quote in paragraph 44 is substantially accurate, but are without sufficient information to admit or deny the remaining allegations in paragraph 44.

45. Defendants admit the quote in paragraph 45 is substantially accurate.

46. Defendants admit the quote in paragraph 46 is substantially accurate.

47. Defendants admit the quote in paragraph 47 is substantially accurate with the exception of added emphasis.

48. Defendants admit the quote in paragraph 48 is substantially accurate.

49. Defendants admit the quote in paragraph 49 is substantially accurate, although it omits quoted material. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 49.

50. Defendants admit the quote in paragraph 50 is substantially accurate.

51. Defendants admit the quote in paragraph 51 is substantially accurate, but are without sufficient information to admit or deny the remaining allegations in paragraph 51.

52. Defendants admit the quote in paragraph 52 is substantially accurate.

53. Defendants admit the quote in paragraph 53 is substantially accurate.

54. Defendants admit the quote in paragraph 54 is substantially accurate, but are without sufficient information to admit or deny the remaining allegations in paragraph 54.

55. Defendants are without sufficient information to admit or deny the allegations in paragraph 55.

56. Defendants admit the quote in paragraph 56 is substantially accurate, although it has added emphasis. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 56.

57. Defendants admit the quote in paragraph 57 is substantially accurate, but are without sufficient information to admit or deny the remaining allegations in paragraph 57.

58. Defendants admit the quote in paragraph 58 is substantially accurate.

59. Defendants are without sufficient information to admit or deny the allegations in paragraph 59.

60. Defendants deny the characterization that the Pui Shing receivable "immediately" became Puridet's largest account receivable, but admit the remaining allegations in paragraph 60.

61. The allegations in paragraph 61 are based on a Form 10KSB filed by Dyadic, which is a document that speaks for itself, and thus Defendants deny any characterization of that document.

62. Defendants are without sufficient information to admit or deny the allegations in paragraph 62.

63. Defendants are without sufficient information to admit or deny the allegations in paragraph 63.

64. Defendants are without sufficient information to admit or deny the allegations in paragraph 64.

65. Defendants are without sufficient information to admit or deny the allegations in paragraph 65.

66. Defendants are without sufficient information to admit or deny the allegations in paragraph 66.

67. Defendants are without sufficient information to admit or deny the allegations in paragraph 67.

68. Defendants are without sufficient information to admit or deny the allegations in paragraph 68.

69. To the extent the allegations in paragraph 69 are based on an email, Defendants deny the characterization of that email because the document speaks for itself. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 69.

70. Defendants admit that the quotes in paragraph 70 are substantially accurate, but deny any characterizations of those quotes. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 70.

71. Defendants deny that "anyone associated with Puridet" knew of significant risks for fraud or operational irregularities. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 70.

72. Defendants admit that when Dyadic became a public company, it became responsible for certain public filings with the SEC and that it formed an audit committee. Defendants admit that the quote in paragraph 72 is substantially accurate, but deny any characterization of the quote.

73. Defendants admit that Moor became CFO of Dyadic on January 31, 2005.

74. Defendants admit that Moor reported to the Audit Committee on topics including Puridet's internal controls and fraud risks, but deny the remaining allegations in paragraph 74.

75. Defendants admit that the quote in paragraph 75 is substantially accurate, but deny any characterization of the quote, which comes from a document that speaks for itself. Defendants deny the remaining allegations in paragraph 75.

76. Denied.

77. Denied.

78. Defendants admit that the quote in paragraph 78 is substantially accurate, but deny any characterization of the quote, which comes from a document that speaks for itself. Defendants deny the remaining allegations in paragraph 78.

79. Denied.

80. Denied.

81. Defendants deny the first sentence of paragraph 81. To the extent the remaining allegations are based on an email sent by Moor, Defendants deny any characterization of the email, which speaks for itself. Defendants deny the remaining allegations in paragraph 81.

82. Defendants admit that the quote in paragraph 82 is substantially accurate, but deny any characterization of the quote because it comes from an email, which speaks for itself. Defendants deny the remaining allegations in paragraph 82.

83. Defendants admit that the quote in paragraph 83 is substantially accurate, but deny any characterization of the quote, which comes from a document that speaks for itself. Defendants deny the remaining allegations in paragraph 83.

84. Denied.

85. Defendants are without sufficient information to admit or deny the allegations in paragraph 85.

86. Defendants are without sufficient information to admit or deny the allegations in paragraph 86.

87. Defendants are without sufficient information to admit or deny the allegations in paragraph 87.

88. Defendants are without sufficient information to admit or deny the allegations in paragraph 88.

89. Defendants are without sufficient information to admit or deny the allegations in paragraph 89.

90. Defendants are without sufficient information to admit or deny the allegations in paragraph 90.

91. Defendants are without sufficient information to admit or deny the allegations in paragraph 91.

92. Defendants are without sufficient information to admit or deny the allegations in paragraph 92.

93. Defendants are without sufficient information to admit or deny the allegations in paragraph 93.

94. Defendants deny any characterization of the Dyadic 8-K and April 24, 2007 Press Release referenced in paragraph 94, which are documents that speak for themselves. Defendants deny the remaining allegations in paragraph 94.

95. Defendants deny any characterization of the Form 10-QSB filed on November 15, 2004 referenced in paragraph 95, which is a public document that speaks for itself. Defendants

deny the remaining allegations in the first sentence of paragraph 95. Defendants admit the second sentence of paragraph 95.

96. Defendants admit the quote in paragraph 96 is substantially accurate, but deny any characterization of the quote, which comes from a document that speaks for itself. Defendants deny the remaining allegations in the first and second sentences of paragraph 96. Defendants admit the last sentence of paragraph 96.

97. Defendants deny any characterization of the Form 10-KSB referenced in paragraph 97, which is a public document that speaks for itself. Defendants admit the document was signed as stated in the second sentence of paragraph 97. Defendants deny the remaining allegations in paragraph 97.

98. Defendants deny any characterization of the proxy statement referenced in paragraph 98, which is a public document that speaks for itself. Defendants deny the remaining allegations in paragraph 98.

99. Defendants deny any characterization of the Form 10-QSB referenced in paragraph 99, which is a public document that speaks for itself. Defendants admit the document was signed as stated in the second sentence of paragraph 99. Defendants deny the remaining allegations in paragraph 99.

100. Defendants deny any characterization of the Form 10-QSB referenced in paragraph 100, which is a public document that speaks for itself. Defendants admit the document was signed as stated in the second sentence of paragraph 100. Defendants deny the remaining allegations in paragraph 100.

101. Defendants deny any characterization of the Form 10-QSB referenced in paragraph 101, which is a public document that speaks for itself. Defendants admit the

document was signed as stated in the second sentence of paragraph 101. Defendants deny the remaining allegations in paragraph 101.

102. Defendants deny any characterization of the proxy statement referenced in paragraph 102, which is a public document that speaks for itself. Defendants deny the remaining allegations in paragraph 102.

103. Defendants deny any characterization of the Form 10-KSB referenced in paragraph 103, which is a public document that speaks for itself. Defendants admit the document was signed as stated in the second sentence of paragraph 103. Defendants deny the remaining allegations in paragraph 103.

104. Defendants admit the quote in paragraph 104 is substantially accurate but deny any characterization of the quote, which is taken from a public document that speaks for itself. Defendants deny the remaining allegations in paragraph 104.

105. Defendants deny any characterization of the Form 10-QSB referenced in paragraph 105, which is a public document that speaks for itself. Defendants admit the document was signed as stated in the second sentence of paragraph 105. Defendants deny the remaining allegations in paragraph 105.

106. Defendants admit the quote in paragraph 106 is substantially accurate, but deny any characterization of either the August 11, 2006 Press Release or the Dyadic Form 10-QSB referenced in paragraph 106, which are documents that speak for themselves. Defendants admit the Form 10-QSB was signed as stated in the second sentence of paragraph 106, but deny the remaining allegations in paragraph 106.

107. Defendants deny any characterization of the Form 10-QSB referenced in paragraph 107, which is a public document that speaks for itself.

108. Defendants deny any characterization of the Form 10-QSB referenced in paragraph 108, which is a public document that speaks for itself. Defendants admit the document was signed as stated in the second sentence of paragraph 108. Defendants deny the remaining allegations in paragraph 108.

109. Defendants admit the first sentence of paragraph 109. Defendants deny any characterization of the press release referenced in paragraph 109, which is a document that speaks for itself. Defendants deny the remaining allegations in paragraph 109.

110. Defendants admit the quotes in paragraph 110 are substantially accurate, but deny any characterization of the quote, which comes from a document that speaks for itself. Defendants admit the Form S-3/A was signed as stated in the first sentence of paragraph 110. Defendants deny the remaining allegations in paragraph 110.

111. Defendants deny any characterization of the Form 10-KSB referenced in paragraph 111, which is a public document that speaks for itself. Defendants admit the document was signed as stated in the second sentence of paragraph 111. Defendants deny the remaining allegations in paragraph 111.

112. Denied.

113. Defendants admit that Lead Plaintiff purports to bring this action as a class action.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Defendants admit subparagraphs (a) and (c), but deny the remaining allegations in

paragraph 119.

120. Denied.

121. Denied.

122. No response required.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Defendants are without sufficient information to admit or deny the allegations in paragraph 135.

136. No response required.

137. Denied.

138. Denied.

139. Denied.

140. Defendants admit that from February 2005 to July 2006, Gardner, in his capacity

as Controller, reported directly to Moor, the CFO. Defendants deny the remaining allegations in paragraph 140.

141. Defendants are without sufficient information to admit or deny the allegations in paragraph 141.

142. No response required.

## AFFIRMATIVE DEFENSES

1. Lead Plaintiff's claims are barred in whole or in part because any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other action by Defendants set forth in the SAC was not misleading and/or false.

2. Lead Plaintiff's claims are barred in whole or in part because some or all of the alleged misstatements or omissions upon which Lead Plaintiff relies were not reflected in Dyadic's stock price.

3. Lead Plaintiff's claims are barred in whole or in part because Lead Plaintiff cannot prove loss causation.

4. Lead Plaintiff's claims are barred in whole or in part because any allegedly untrue statement of fact, omission of fact, misleading statement, or other action by Defendants set forth in the SAC was immaterial to a reasonable investor.

5. Lead Plaintiff's claims are barred in whole or in part, because Defendants had no duty to disclose the alleged omissions of material fact set forth in the SAC.

6. Lead Plaintiff's claims are barred in whole or in part because any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other action by Defendants set forth in the SAC was made in good faith and/or without scienter.

7. Lead Plaintiff's claims are barred in whole or in part because factors other than

the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions by Defendants set forth in the SAC were the actual and/or legal cause of Lead Plaintiff's alleged damages.

8. Lead Plaintiff's claims are barred in whole or in part because any losses for which Lead Plaintiff is seeking recovery were not actually and/or legally caused by the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions by Defendants set forth in the SAC, rather such losses, if any, were caused by intervening or superseding factors.

9. Lead Plaintiff's claims are barred in whole or in part because any allegedly untrue statement of material fact, omission of material fact, misleading statement or other action by Defendants set forth in the SAC are non-actionable projections or forward-looking statements.

10. Lead Plaintiff's Section 20(a) claims are barred because Defendants are not "control persons" within the meaning of Section 20(a) of the Securities Exchange Act of 1934.

11. Lead Plaintiff's Section 20(a) claims are barred because Defendants acted in good faith and did not directly or indirectly induce or participate in the act or acts constituting the alleged violations and causes of action.

12. Lead Plaintiff's claims are barred in whole or in part, because Lead Plaintiff did not justifiably rely on the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other actions by Defendants set forth in the SAC.

13. Lead Plaintiff's claims are barred in whole or in part, because Lead Plaintiff failed to make reasonable efforts to mitigate its alleged damages, which reasonable efforts would have prevented its alleged damages.

14. Lead Plaintiff's claims are barred in whole or in part by the doctrines of waiver,

estoppel, ratification and/or unclean hands.

15. Lead Plaintiff's claims are barred in whole or in part because Defendants relied in good faith on the advice and/or unqualified opinions of Dyadic's independent auditors.

16. Lead Plaintiff's claims are barred in whole or in part because the financial statements that Lead Plaintiff complains about (either directly or indirectly through allegations about statements and/or press releases based thereon) were audited by Dyadic's independent auditors and approved by such independent auditors as presenting fairly, in all material aspects, Dyadic's financial condition in accordance with Generally Accepted Accounting Principles.

17. The SAC fails to state a claim upon which relief can be granted.

18. Lead Plaintiff lacks standing, in whole or in part, to assert the purported claims contained in the SAC.

19. Lead Plaintiff is not an adequate or appropriate class representative.

Defendants reserve the right to amend their Answer to assert any and all additional defenses to which they may be entitled after the facts supporting such defenses become known to them through discovery.

WHEREFORE, Defendants respectfully request that this Court:

1. Enter judgment for Defendants, and each of them, for each count of the SAC;

2. Award Defendants, and each of them, their costs and expenses incurred in defending this action, including their attorneys' fees; and

3. Grant Defendants, and each of them, such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| October 23, 2009 | **HOLLAND & KNIGHT LLP**<br><br>By: s/Tracy A. Nichols<br>Tracy A. Nichols<br>Florida Bar No. 454567<br>tracy.nichols@hklaw.com<br>Stephen P. Warren<br>Fla. Bar No. 788171<br>stephen.warren@hklaw.com<br>701 Brickell Avenue, Suite 3000<br>Miami, Florida 33131<br>Tel:  (305) 374-8500<br>Fax:  (305) 789-7799<br><br>*Attorneys for Wayne Moor, Harry Rosengart, and Richard Berman* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2009, I electronically filed the foregoing document with the clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Kenneth J. Vianale, Esq.
Julie Prag Vianale, Esq.
Vianale & Vianale LLP
2499 Glades Road
Suite 112
Boca Raton, FL   331431

Glenn L. Hara, Esq.
Matthew T. Heffner, Esq.
Susman Heffner & Hurst LLP
Two First National Plaza
Chicago, IL   60603

Adam M. Moskowitz, Esq.
Kurt Zaner, Esq.
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Boulevard
Suite 900
Coral Gables, FL   33134

Laurence Matthew Rosen, Esq.
The Rosen Law Firm
350 Fifth Avenue
Suite 5508
New York, NY   10118

*Counsel for Plaintiffs*

John S. Trimper, Esq.
Jones, Foster, Johnson
 & Stubbs, P.A.
505 South Flagler Dr.
Suite 1100
West Palm Beach, FL 33401

Martin F. Cunniff, Esq.
Andrew D. Lazerow, Esq.
Arthur A. Impastato, Esq.
Peter Unger, Esq.
Howrey, LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

*Counsel for Co-Defendants*

s/ Stephen P. Warren
Stephen P. Warren

# 8903998_v2