UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL MILLER, individually and on behalf )
of all others similarly situated,           )
                                            )
                    Plaintiff,              )
                                            )   Case No. 07-80948-CIV-Dimitrouleas
            v.                              )
                                            )
DYADIC INTERNATIONAL, INC., RICHARD )
J. BERMAN, MARK A. EMALFARB, RUFUS )
GARDNER, WAYNE MOOR, HARRY Z.               )
ROSENGART, and STEPHEN J. WARNER,           )
                                            )
                    Defendants.             )
_____ )

**MOTION FOR CERTIFICATION OF SETTLEMENT CLASS
AND PRELIMINARY APPROVAL OF SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Lead Plaintiff hereby moves the Court, pursuant to Fed. R. Civ. P. 23(e), for an order (1) certifying a Class for settlement purposes only ("Settlement Class"), (2) preliminarily approving the proposed settlement of this case as memorialized in the accompanying Stipulation of Settlement ("Stipulation") attached hereto as Exhibit A; (3) approving the form of Class notice described in the Notice of Pendency and Proposed Settlement of Class Action, Hearing on Proposed Settlement, and Attorneys' Fee Petition ("Notice"), attached to the Stipulation as Exhibit A-1; (4) approving the form of the Summary Notice, attached to the Stipulation as Exhibit A-3; and (5) scheduling a hearing to determine whether the Settlement should be given final approval ("Settlement Hearing") and establish dates for submission of proofs of claim, dissemination of the Class notice, and other relevant deadlines.

The following is a proposed timetable to help the Court establish the necessary deadlines in the proposed Preliminary Order:

| **Event** | **Proposed Deadline** |
|---|---|
| Mailing of Notice (*see* Prelim. Order ¶ 4(a)) | 30 days after entry of Preliminary Order |
| Summary Notice Publication (*see* Prelim. Order ¶ 4(b)) | 10 days after mailing of the Notice |
| Proof of Publication and Mailing of Notice (*see* Prelim. Order ¶ 4(c)) | 7 days prior to the Settlement Hearing |
| Filing Requests for Exclusion (*see* Prelim. Order ¶ 10) | 14 days prior to the Settlement Hearing |
| Filing Objections (*see* Prelim. Order ¶ 11) | 14 days prior to the Settlement Hearing |
| Settlement Hearing (*see* Prelim. Order ¶ 3) | At least 90 days after entry of Preliminary Order |
| Deadline for Proofs of Claim (*see* Prelim. Order ¶ 8) | 120 days from Notice Date |

## **MEMORANDUM OF LAW**

The parties have negotiated a Settlement of the claims asserted on behalf of all persons who purchased or otherwise acquired securities of Dyadic International, Inc. ("Dyadic") between October 29, 2004, and April 23, 2007, inclusive, on a national exchange. The Settlement amount of $4.8 million in cash represents a significant recovery for shareholders of Dyadic. Although Lead Plaintiff believes in the merits of the case, it recognizes that it would face serious obstacles in establishing liability and damages should this case proceed to trial. Even if this case were to proceed to trial, Defendants could appeal any judgment favorable the Class, delaying any recovery to Class Members. Defendants deny all allegations of wrongdoing. Nonetheless, Defendants have concluded that further litigation would be protracted and expensive, and that it is desirable that the case be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

The accompanying Stipulation has exhibits attached, including proposed (1) Preliminary Order approving settlement and directing notice to the Class ("Preliminary Order") as Exhibit A; (2) Notice of Pendency and Proposed Settlement of Class Action, Hearing on Proposed Settlement, and Attorneys' Fee Petition ("Notice") as Exhibit A-1; (3) Proof of Claim and Release ("Proof of Claim") as Exhibit A-2; (4) Summary Notice for publication notice as Exhibit A-3; and (5) proposed Final Judgment and Order of Dismissal as Exhibit C.

The proposed Preliminary Order provides for the members of the Class to be apprised of the terms of the Settlement by disseminating the Notice by first-class mail to all Class members who can be identified through reasonable and customary efforts and by publishing the Publication Notice in the national newswire *PR Newswire* and in *Investor's Business Daily*. The proposed Preliminary Order also establishes deadlines for the following events necessary to

consummate the Settlement: (1) mailing the Notice; (2) publication of the Summary Notice; (3) Class Members' requests for exclusion from the Class; (4) filing objections to the Stipulation, the Plan of Allocation of the Settlement proceeds, or the attorneys' fees requested; (5) filing Proofs of Claim by Class Members; and (6) filing of papers for final approval of the Settlement and the Plaintiffs' Counsels' fee request.

Before a class action may be settled, court approval must be obtained, and notice of the proposed settlement must be given to class members in the manner the court directs. Fed. R. Civ. P. 23(e). As part of the Settlement, the parties have agreed to seek certification of a Settlement Class. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620–22 (1977); *see also Manual for Complex Litigation* § 21.632 (4th ed. 2004) ("The judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).")

After certifying the Settlement Class, the Court should consider the settlement in a two-step process. *Fresco v. Auto Data Direct, Inc.*, No. 03-61063, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." *Id.* The second step is a fairness hearing, of which the Class must be notified. *Id.*

**I.     The Court should certify the proposed Settlement Class.**

To certify a class under Rule 23, numerosity, commonality, typicality, and adequacy must be established, along with one of Rule 23(b)'s requirements. Here, the parties seek certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

4

### A.     Numerosity

The numerosity element requires that "the class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is "no definite standard as to the size a given class must attain in order to satisfy Rule 23(a)(1)," *Tapken v. Brown*, No. 90-691, 1992 WL 178984, at *27 (S.D. Fla. March 13, 1992), but the Eleventh Circuit recognizes that 40 members satisfies the numerosity requirement. *Kuehn v. Cadle Co.*, 245 F.R.D. 545, 548 (M.D. Fla. 2007). Here the parties seek to certify the following Settlement Class:

> All Persons who purchased or otherwise acquired Dyadic International, Inc. common stock between October 29, 2004 and April 23, 2007, on a national securities exchange or an electronic quotation system, including, but not limited to, the American Stock Exchange or the OTC Bulletin Board, and were damaged thereby. Excluded from the Class are the Defendants, the directors, officers and employees of Dyadic, the members of each individual Defendant's family, any entity in which any Defendants have a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party, and any person who submits a timely and valid request for exclusion from the Class. Also excluded from the Class are persons or entities who sold shares of Dyadic common stock only to the extent they sold all such common stock before April 23, 2007. Persons who sold fewer than all shares before April 23, 2007, remain in the Class. The exclusion of "directors," "officers," or "employees" from the Class is a reference to persons who were directors, officers, or employees of Dyadic between October 29, 2004, and April 23, 2007.

At the beginning of the Class period, Dyadic had 22 million shares of common stock issued and outstanding, which had grown by the end of the Class period to approximately 30 million shares. (Lead Pl.'s Mot. Class Certification [DE 214] at 5.) Based on this evidence, a reasonable estimate of the size of the Settlement Class is at least in the hundreds, probably the thousands, of members. Moreover, the class members are geographically dispersed throughout the United States and the world, making joinder impractical. (*See* Lead Pl.'s Mot. Class Certification [DE 214] at 5–6.) The numerosity element is therefore satisfied.

5

### B.     Commonality

The commonality element requires that there be "questions of law or fact common the class." Fed. R. Civ. P. 23(a)(2). This element is satisfied if all class members are in a "substantially identical factual situation" and the "questions of law raised by the plaintiff are applicable to each class member." *In re Amerifirst Secs. Litig.*, 139 F.R.D. 423, 428 (S.D. Fla. 1991). "The commonality requirement has been applied permissively in securities fraud litigation. In general, where putative class members have been injured by similar material misrepresentations and omissions, the commonality requirement is satisfied." *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 180 (S.D.N.Y. 2005) (internal citations omitted).

Here, questions of law and fact common to the Settlement Class, include (1) whether Defendants violated the federal securities laws; (2) whether Defendants omitted or misrepresented material facts; (3) whether Defendants knew or recklessly disregarded that these statements were false and misleading; (4) whether the price of Dyadic's securities were artificially inflated because of Defendants' alleged fraudulent scheme; and (5) the extent and appropriate measure of damages suffered by the class when Defendants' alleged fraudulent conduct was revealed.

### C.     Typicality

The typicality element requires the representative plaintiff to have claims "typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). The typicality element is satisfied where a plaintiff's claims "stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory." *Walco Invs., Inc. v. Thenen,* 168 F.R.D. 315, 325 (S.D. Fla. 1996). This Court already concluded that Capital Max satisfied the typicality requirement during the Lead Plaintiff briefing, holding that its claims

"share the same 'essential characteristics as the class at large.'" (Order [DE 73] at 11 (quoting *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278–79 n.14 (11th Cir. 2000).)

D.  **Adequate Representation**

The adequacy element requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation consists of two general elements: (1) that the plaintiff's attorney is qualified, experienced and will competently and vigorously prosecute the suit; and (2) that the interest of the class representative is not antagonistic to or in conflict with other members of the class. *Powers v. Gov't Employees Ins. Co.*, 192 F.R.D. 313, 317 (S.D. Fla. 1998). Here, there are no conflicts of interest between Lead Plaintiff and other class members, given the similarity of the claims asserted and the remedies sought. In addition, there are not any conflicts with Plaintiff's counsel. Further, Lead Counsel, Susman Heffner & Hurst LLP, and its Liaison Counsel Kozyak Tropin & Throckmorton "have extensive experience in successfully prosecuting complex securities actions and have frequently appeared in major actions in this and other courts." (Order [DE 73] at 18.) In addition, the efforts of Plaintiffs' counsel in this case thus far show that they are committed to the vigorous prosecution of this action and possess the skills necessary for such efforts.

E.  **Predominance of Common Questions**

The predominance element requires that questions of law or fact common to the class members predominate over any questions affecting only individual members. Common issues of fact and law predominate if they "ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004). "Predominance is a test readily met

in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem*, 521 U.S. at 625.

Here, the overriding question is whether Defendants harmed the putative Class Members by misrepresenting and failing to disclose the operating and financial improprieties of Puridet. As the Eleventh Circuit explained "a single conspiracy and fraudulent scheme against a large number of individuals" is "particularly appropriate" for class action treatment. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 725 (11th Cir. 1987).

And although reliance is an element of Lead Plaintiff's claim, under the fraud-on-the-market theory, a plaintiff only has to prove that defendants' misrepresentations and omissions caused an artificial inflation of the market value of the relevant stock. *Sargent v. Genesco, Inc.*, 75 F.R.D. 79, 84–85 (M.D. Fla. 1977). A plaintiff does not have to prove individual reliance upon the particular misrepresentations or omissions of defendants. *Id.* at 85. Consequently, "under a 'fraud on the market' theory questions of individual reliance are not sufficient reason to deny class action status." *Id.*

Dyadic's shares were listed and actively traded on the American Stock Exchange during the Class Period (Second Am. Compl. [DE 150] ¶ 114.) It constitutes an open and efficient market. *See RMED Int'l v. Sloan's Supermarkets*, 185 F. Supp. 2d 389, 404 (S.D.N.Y. 2002) ("[R]esearch has failed to reveal any case where a stock traded on the AMEX was found not to have been traded in an open and efficient market."). Proof of actual reliance will therefore not need to be proven for each Class Member.

Regarding Class members who purchased Dyadic shares on the OTC Bulletin Board, their inclusion in the Class was never seriously challenged. And Defendants' challenge has now been mooted. Defendants' concern that OTC purchasers would have to prove individual reliance

8

would defeat certification only if it would make the case unmanageable. *Johnson v. HBO Film Mgmt. Inc.*, 265 F.3d 178, 194 (3d Cir. 2001) (individual reliance issues related to manageability factor); *Fischler v. AmSouth Corp.*, 176 F.R.D. 583, 589 (M.D. Fla. 1997) (same). But that factor need not be considered now—settlement classes obviate concerns about managing litigation. As a result, the disputed issues regarding the litigation class previously sought by Lead Plaintiff are now moot, and there is no dispute between the parties that a class should be certified for settlement purposes.

### F.     Superiority

The superiority element requires that the court find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Rule 23(b)(3) identifies four factors used to determine whether class treatment would be fair and efficient:

> (i)     the interest of members of the class in individually controlling the prosecution of separate actions;
>
> (ii)    the extent and nature of any litigation concerning the controversy already commenced by or against class members;
>
> (iii)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (iv)    the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

The Court need not consider the fourth factor in deciding whether to certify the Settlement Class. *Amchem*, 521 U.S. at 620 (holding that the court "need not inquire whether the case, if tried, would present intractable management problems"). All the other factors favor conditional class certification. First, the class members are geographically dispersed. To require separate suits in this case would be "prohibitive and ridiculous and would deprive many of a remedy." *See Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983). Second, no other case, not

already consolidated with these, has been commenced against these defendants alleging these claims. Third, this forum is particularly appropriate because Dyadic's headquarters are located in this district. Finally, although not required, management of the Settlement will not be difficult since securities cases allow for the easy identification of class members. In sum, because class actions are a particularly appropriate and desirable means to resolve securities cases, the proposed Settlement Class is the superior method for resolving this dispute.

**II.     The Settlement is in the best interests of the Class.**

Federal Rule of Civil Procedure 23(e) requires court approval for any compromise of a class action. In determining whether to approve the Settlement, the Court should be guided by the "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring,* 737 F.2d 982, 986 (11th Cir. 1984). "Federal Courts look with great favor upon the voluntary resolution of litigation through settlement . . . . This rule has particular force regarding class action lawsuits." *Airline Stewards & Stewardesses Ass'n Local 550 v. Trans World Airlines, Inc.*, 630 F.2d 1164, 1166–67 (7th Cir. 1980) (citations omitted). Settlements of class actions are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits. *Bennett v. Behring*, 96 F.R.D. 343, 348 (S.D. Fla. 1983). The complexity and size of class actions warrant this approach:

> In class action context in particular, "there is an overriding public interest in favor of settlement." Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposed upon already scarce judicial resources.

*Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980) (citations omitted). There is also a "strong" initial presumption that the compromise is fair and reasonable. *In re Saxon Sec. Litig.*, No. 82-3103, 1985 U.S. Dist. LEXIS 14305, at *15 (S.D.N.Y. Oct. 31,1985).

The parties here have memorialized their agreement to settle this action in the Stipulation, which is being filed with this motion. The Stipulation contains all the material terms of the Settlement, including among other things, the manner and form of notice to the Class and the contingencies or conditions to the Settlement's final approval. Lead Plaintiff believes that the Settlement is in the best interest of the Class.

### A.     The Proposed Notice is Adequate.

The Notice and the Summary Notice notify the Class of the terms of the Settlement, the Class Members' rights in connection with the Settlement, and the date of the Settlement Hearing for final approval by the Court. The Notice, which will be sent by mail to Class Members, has been carefully drafted to comply with the provisions of the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-4(a)(7). Along with the Notice, Class Members will receive a Proof of Claim form on which to provide their purchase and sale information for their Dyadic securities. Class Members who wish to share in the Settlement proceeds will complete and mail their Proof of Claim forms to Strategic Claims Services, the claims administrator retained by Lead Counsel.

The parties have agreed to use the traditional methods for notifying Class Members of the Settlement: notification by mail and by publication in a national newspaper focusing on investors. Upon entry of the Preliminary Order, the claims administrator will mail the Notice and the Proof of Claim forms to Class Members who can be identified from stock transfer records.[1] Lead Counsel will cause the Summary Notice to be published in *PR Newswire* and *Investor's*

---

[1] The Preliminary Order provides that nominees who purchased Dyadic securities on behalf of beneficial owners shall send the Notice and Proofs of Claim to those beneficial owners upon the receipt of such documents. (Prelim Order ¶ 5.) This provision ensures that brokers or other entities that purchased Dyadic securities for others will forward the documents to the beneficial owners, who are the appropriate signatories to the Proof of Claim forms.

11

*Business Daily*. Notice by mail and by publication satisfies the requirements of due process in this type of litigation. *See, e.g., In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 550–51 (N.D. Ga. 1992) (notice by mail to class members who could be identified and by publication to those who could not be identified satisfies due process requirements).

Upon notification of the Settlement, Class Members have three choices: (1) approve the Stipulation and share in the Settlement proceeds by submitting a Proof of Claim; (2) exclude themselves from the Settlement by "opting out" of the Class, in which case they will not participate in the Settlement recovery and will retain their individual claims against Defendants; or (3) disapprove of the Settlement or the attorneys' fee and expense petition by objecting to their terms. To participate in the Settlement, Class Members must submit their Proofs of Claim within the time specified in the Preliminary Order. Class Members who wish to exclude themselves from the Settlement must submit a timely request for exclusion. Class Members who wish to object to the Settlement must file and serve a notice of their intention to appear and object. Objectors can submit a memorandum of law in opposition to the Settlement and can appear before the Court at the Settlement Hearing. This Court should find that the Notice and the procedures for its dissemination are reasonably calculated to provide notice of the Settlement to the Class.

### B.     The Settlement should be preliminarily approved.

Preliminary approval of the Settlement is at the discretion of the Court, and generally requires a very low threshold of proof. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991). To preliminarily approve a settlement, the Court need only examine whether there is a probability that the settlement *could be* finally approved, warranting notification to the class. *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994).

Basically, the Court must only "determine that the settlement is neither illegal nor collusive." *In re: S. Ohio Corr. Facility*, 173 F.R.D. 205, 211 (S.D. Ohio 1997). Of course, "[s]ettlements, by definition, are compromises which 'need not satisfy every single concern of the plaintiff class, but may fall anywhere within a broad range of upper and lower limits,'" *In re* Saxon, 1985 U.S. Dist. LEXIS 14305, at *14, so even when considering final approval of any settlement, the court should not engage in a trial on the merits, *Flinn v. EMC Corp.*, 528 F.2d 1169, 1172–73 (4th Cir. 1975) (granting final approval to settlement).

This Settlement is a product of extensive arm's-length negotiations between counsel for the parties. The negotiations extended over a period of time, and the parties made concessions and won positions on difficult and hard-fought issues. Therefore, it is impossible to argue that this Settlement is either "illegal or collusive."

If there are any objections to the fairness of this Settlement as embodied in the Stipulation, those timely-filed concerns can be heard at the Settlement Hearing. The Court can then consider the merits of the Settlement in light of any objections and determine whether to grant final approval of the Settlement. Lead Counsel will have submitted briefs and other documents in support of the Settlement and in support of their request of attorneys' fees and reimbursement of expenses, and the Court will be asked to determine the appropriate amounts to be awarded. If the Court finds the Settlement fair and reasonable, the Court should enter the Final Judgment and Order of Dismissal with Prejudice, dismissing this action and effecting a release of all claims as provided for in the Stipulation.

**Conclusion**

Lead Plaintiff respectfully requests that the Court enter the proposed Order, find preliminarily that the Settlement is reasonable and fair, and find that notification to the Class Members of the terms of the Settlement and of their rights in connection with the Settlement is warranted.

/s/ Adam M. Moskowitz
Adam M. Moskowitz, Esq. FL. Bar No. 984280
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Boulevard, 9th Floor
Miami, Florida 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
*Liason Counsel*

/s/ Matthew T. Heffner
Matthew T. Heffner, Esq.
Glenn L. Hara, Esq.
SUSMAN HEFFNER & HURST, LLP
Two First National Plaza, Suite 600
Chicago, Illinois 60603
Tel: (312) 346-3466
Fax: (312) 346-2829
Tel: (312) 346-3466
Fax: (312) 346-2829
*Lead Counsel*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing has been filed with the Clerk of the Court using CM/ECF and served via transmission of Notices of Electronic Filing generated by CM/ECF this 16th day of April 2010.

By: /s/ Adam M. Moskowitz
Adam M. Moskowitz

312028v.1